IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PRIMEPAY, LLC**<br><br>**Plaintiff**<br><br>v.<br><br>**PRIME TRUST, LLC**<br><br>**Defendant.** | **Civil Action No.:**<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, PrimePay, LLC ("Plaintiff") for its complaint against Defendant, Prime Trust, LLC ("Defendant") alleges as follows:

### PARTIES

1. Plaintiff is a Limited Liability Company organized and existing under the laws of the State of Delaware, with its principal place of business located at 1487 Dunwoody Drive, West Chester, Pennsylvania 19380.

2. Defendant, upon information and belief, is a Limited Liability Company organized and existing under the laws of the State of Nevada, with its principal place of business located at 330 S. Rampart Boulevard, Suite 260, Summerlin, Nevada 89145.

### JURISDICTION AND VENUE

3. This action is for federal trademark infringement and unfair competition involving claims arising under the Trademark Act of the United States, commonly known as the Lanham Act 15 U.S.C. §§ 1051 et seq., and for state trademark infringement, injury to business reputation, and unfair competition under the laws of the State of Pennsylvania, involving claims

arising under the Unfair Trade Practices and Consumer Protection Law, 73 P.S. §201-1 et seq., and the common law.

4. This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331, 1338(a) and 15 U.S.C. § 1121, and has subject matter jurisdiction over the state law claims under 28 U.S.C. §§ 1338(b) and 1332 and because such state law claims are joined with substantial and related claims under the Trademark Laws of the United States.

5. Venue properly lies within the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(a), (b) and (c) as these causes arise, based upon information and belief, as a result of Defendant's actions in offering to sell its products or services or making its products or services available or by promoting the infringing mark to prospective purchasers within this District, in marketing its services and products to prospective purchasers and/or in doing and transacting business within this District. Furthermore, the Plaintiff's principal and headquarters office is located within this District.

## FACTUAL BACKGROUND

### A.   Plaintiff and its PRIMEPAY trademark and tradename.

6. Plaintiff offers a variety of business and financial management services, including various payment processing and money movement related services for businesses, throughout the United States and including in the Eastern District of Pennsylvania.

7. Plaintiff has under **PRIMEPAY** as a trademark and as part of its tradename in commerce since 1995 in connection with a variety of business and financial management services including various payment processing and money management related services for businesses and has acquired valuable common law rights to this trademark.

8. Plaintiff owns federal trademark registration number 2,056,092 issued April 22, 1997, for the trademark **PRIMEPAY** in standard characters, with specifically describing the coverage of said registration as for "providing business and financial management services." A copy of the Trademark Registration Certificate is attached hereto as Exhibit "A".

9. Plaintiff also owns federal trademark registration number 2,294,575, issued November 23, 1999, for the word mark **PRIMEPAY** in connection with "computerized systems comprised of computer hardware and computer software for use in business and financial management." A copy of the Trademark Registration Certificate is attached hereto as Exhibit "B".

10. Both of Plaintiff's prior referenced **PRIMEPAY** trademark registrations have long ago achieved "incontestable" registration status.

11. By reason of Plaintiff's extensive promotion and sales of its services and products under Plaintiff's trademark **PRIMEPAY**, the trademark **PRIMEPAY** has acquired great recognition and renown in the relevant trade, and prospective purchasers have come to recognize such trademark as signifying Plaintiff. The trademark and tradename **PRIMEPAY** has been extensively used across the United States with over forty (40) sales offices and processing centers across the country.

12. Plaintiff has expended significant resources promoting, marketing, and advertising the goods and services used in connection with its **PRIMEPAY** trademark and tradename.

**B.   Defendant's use of PRIMEPAY.**

13. Notwithstanding Plaintiff's well-known and established rights in and federal trademark registrations for its **PRIMEPAY** trademark, Defendant has recently commenced use

of the exact same trademark or variations of this trademark in connection with the services specifically set forth in Plaintiff's federal registration number 2,056,092, which covers "providing business and financial management services."

14. Defendant is offering similar or competing or overlapping services or products to those offered by Plaintiff under its trademark and tradename **PRIMEPAY**.

15. Plaintiff's rights to its **PRIMEPAY** trademark and tradename arose long prior to Defendant's use of **PRIMEPAY**.

16. Upon information and belief, Defendant adopted, used and has continued to use the trademark **PRIMEPAY** with knowledge of Plaintiff's **PRIMEPAY** trademark and tradename and in reckless or intentional disregard of Plaintiff's trademark rights.

17. On September 9, 2019, Defendant filed a federal trademark application for the word marked PRIMEPAY (App. No. 88/610,183) covering services; Cryptocurrency payment processing; Online banking; Providing electronic processing of electronic funds transfer, ACH, credit card, debit card, electronic check and electronic payment." (Defendant's '183 application).

18. Defendant's '183 application asserts a first use date anywhere of September 8, 2019 and a first use date in commerce of September 9, 2019.

19. According to the records of the United States Patent and Trademark Office ("USPTO"), Defendant's '183 application was refused on November 20, 2019 on likelihood of confusion grounds with Plaintiff's long-registered and incontestable identical mark PRIMEPAY (Reg. No. 2,056,092). Nevertheless, despite the refusal by the USPTO, Defendant has continued to use the PRIMEPAY mark and name, including its website at https://primetrust.com/primepay.

## COUNT I – TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114

20.     Plaintiff realleges each allegation set forth in the previous paragraphs.

21.     Defendant's use of **PRIMEPAY** in connection with business and financial management services, including payment processing and money movement services and goods, is likely to cause confusion, mistake, or to deceive and constitutes infringement of Plaintiff's incontestable Federal Registration Nos. 2,056,092 and 2,294,575 for **PRIMEPAY** in violation of 15 U.S.C. § 1114.

22.     Defendant's infringing acts have damaged and impaired the Plaintiff's goodwill symbolized by the Plaintiff's **PRIMEPAY** trademark and tradename.  Unless enjoined by this Court, Defendant will continue its act of infringement and cause Plaintiff immediate and irreparable damage for which there is no adequate remedy at law.

23.     Defendant's use of the trademark **PRIMEPAY** or variations thereof under the circumstances involved will cause a likelihood of confusion, mistake or deception of a not insignificant number of prospective purchasers into believing that there is some affiliation, association or common source of sponsorship with Plaintiff's trademark and tradename **PRIMEPAY** for providing business and financial management services and products.

24.     Defendant's concurrent use of the identical or virtually identical trademark **PRIMEPAY** to that of the Plaintiff's trademark and tradename **PRIMEPAY**, gives rise to a likelihood of confusion in appearance, sound and overall commercial impression

25.     Further increasing and enhancing the likelihood of confusion is the fact that Defendant also uses another trademark with the first portion "PRIME" of the Plaintiff's trademark and tradename **PRIMEPAY**, with Defendant also using **PRIMETRUST** as a trademark and tradename.

26. Further increasing and enhancing the likelihood of confusion is the fact that both the Plaintiff and Defendant offer similar, competing, or overlapping services or goods in offering business and financial management services or goods, which further include payment processing and money movement related services.

27. A further factor that increases the likelihood of confusion between the identical or virtually identical mark of the Defendant to that of the Plaintiff, is the fact that Defendant has adopted lettering using the trademark with initial capitalizations on each of the two words comprising the trademark, so that the trademark appears as "PrimePay" as one word with initial capitals, and also uses the trademark in all capital letters as one word as "PRIMEPAY," which are both identical to the ways Plaintiff uses its trademark and tradename.

28. A likelihood of confusion could further exist as to Plaintiff's corporate status since consumers who visit Defendant's website or review Defendant's marketing or sales information, upon seeing the name and mark **PRIMEPAY** being used by Defendant, could believe that Plaintiff and its **PRIMEPAY** mark have been acquired by Defendant or that Plaintiff is somehow affiliated, associated or sponsored by Defendant or vice-versa.

29. Adding still further to a likelihood of confusion is that Plaintiff uses a family of marks where the root word "Prime" is used, as in for instance the trademarks and federal registrations **PRIMETAX** (U.S. Reg. No. 2,965,713), **PRIMEXPRESS** (U.S. Reg. No. 2,941,187), **PRIMELINK+** (U.S. Reg. No. 2,988,504), and **PRIMEXPORTS** (U.S. Reg. No. 2,941,188).

30. Defendant's use of the trademark **PRIMEPAY** or variations thereof will cause, and is likely to cause, confusion and mistake with Plaintiff's products and services, disseminated or sold in connection with Plaintiff's trademark and tradename **PRIMEPAY,** or Plaintiff's

business so as to deceive consumers, the trade and others, and thereby constitutes an infringement of Plaintiff's rights through unfair competition

31. Persons familiar with Plaintiff's trademark or tradename **PRIMEPAY** and the business of Plaintiff and/or Plaintiff's products are, upon information and belief, likely to be confused, mistaken and/or to be deceived upon seeing Defendant's trademark **PRIMEPAY** or variations thereof, or are likely to believe that Defendant's business is endorsed by, sponsored by or emanates from, or in some way is connected with Plaintiff or Plaintiff's business or with Plaintiff's trademark and tradename **PRIMEPAY**.

32. Defendant has, upon information and belief, intentionally and willfully attempted to trade upon the goodwill of Plaintiff in its trademark and tradename **PRIMEPAY** with Defendant, for instance, continuing to use the trademark **PRIMEPAY** after the United States Patent and Trademark Office cited Plaintiff's registered trademark against a trademark application filed by the Defendant for the identical mark **PRIMEPAY**.

33. As a result of Defendant's unfair and infringing acts or misappropriations, Plaintiff has been irreparably damaged and, unless Defendant's infringing activities are enjoined, Plaintiff will continue to suffer irreparable injury and harm to its property and goodwill.

34. Defendant's use of the trademark **PRIMEPAY** or variations thereof is without Plaintiff's consent or permission.

35. Defendant's use of the trademark **PRIMEPAY** or variations thereof will, upon information and belief, result in damage and in the diminishment of sales and the loss of the value of Plaintiff's trademark and tradename **PRIMEPAY**.

36. Upon information and belief, Defendant, with knowledge of Plaintiff's trademark **PRIMEPAY** and in willful disregard of Plaintiff's rights, is continuing to engage in a deliberate

course of conduct designed to appropriate the goodwill associated with Plaintiff's **PRIMEPAY** trademark and tradename at issue.

37. Defendant's unauthorized use of **PRIMEPAY** constitutes trademark infringement entitling Plaintiff to remedies pursuant to 15 U.S.C. §§ 1114 and 1117.

38. The knowing, reckless and intentional use of Defendant's aforementioned acts makes this an exceptional case under 15 U.S.C. § 1117(a), thus entitling Plaintiff to its reasonable attorneys' fees.

### COUNT II – TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(a)

39. Plaintiff realleges each allegation set forth in the previous paragraphs.

40. Defendant's use of the trademark **PRIMEPAY** to promote, market or sell business and financial management services and goods is likely to cause confusion or mistake, or to deceive as to an affiliation, connection or association between Plaintiff's trademark and tradename **PRIMEPAY** and Defendant, or as to the origin, sponsorship or approval of Defendant's goods and services, and such use of Plaintiff's trademark and tradename constitutes trademark infringement, false designation of origin and unfair competition under 15 U.S.C. § 1125(a).

41. Plaintiff is the owner of exclusive rights, title and interest to the **PRIMEPAY** trademark and tradename as set forth in the preceding paragraphs of this Complaint.

42. Defendant's acts have damaged, impaired and diluted that part of Plaintiff's goodwill symbolized by Plaintiff's trademark and tradename **PRIMEPAY**. Unless enjoined by the Court, Defendant will continue its acts of infringement, false designation of origin and unfair

competition and cause Plaintiff immediate and irreparable damage, for which there is not adequate remedy at law.

43. Defendant's unauthorized use of the trademark **PRIMEPAY** entitles Plaintiff to remedies under 15 U.S.C. § 1117.

44. The knowing, reckless and intentional nature of Defendant's aforementioned acts makes this an exceptional case pursuant to 15 U.S.C. § 1117(a), thus entitling Plaintiff to its reasonable attorneys' fees.

## COUNT III – VIOLATION OF PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW

45. Plaintiff realleges each allegation set forth in the previous paragraphs.

46. Defendant's use of the trademark **PRIMEPAY** to promote, market or sell business and financial management services and goods is likely to cause confusion or mistake, or to deceive as to an affiliation, connection or association between Plaintiff and Defendant, or as to the origin, sponsorship or approval of Defendant's goods and services.

47. Plaintiff is the owner of exclusive rights, title and interest to the trademark and tradename **PRIMEPAY** as set forth in the preceding paragraphs of this Complaint.

48. Defendant's unfair business practices are of a recurring nature and are harmful to consumers and the public at large.

49. Defendant's acts have damaged and impaired Plaintiff's goodwill symbolized by Plaintiff's trademark and tradename **PRIMEPAY**, and have caused Plaintiff irreparable injury, loss of reputation and pecuniary damages. Unless enjoined by this Court, Defendant will continue these acts of infringement, thereby deceiving the public and causing Plaintiff immediate, continuing and irreparable damage.

50. Defendant has practiced deceptive business and trade practices in interstate commerce and in this District by various acts, including marketing, offering for sale, and selling under Defendant's infringing trademark **PRIMEPAY** with knowledge of Plaintiff's rights in and to Plaintiff's trademark and tradename **PRIMEPAY** in connection with substantially similar or competing business and financial management services and products.

51. Defendant's aforesaid conduct constitutes unfair, unlawful and deceptive business and trade practices in violation of 73 P.S. § 201-2(4)(ii)-(iii).

### COUNT IV – COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

52. Plaintiff realleges each allegation set forth in the previous paragraphs.

53. Defendant's use of the trademark **PRIMEPAY** to promote, market or sell business and financial management services and goods is likely to cause confusion or mistake, or to deceive as to the source, sponsorship or approval of Defendant's services or as to an affiliation, connection or association with Plaintiff.

54. The aforesaid acts of Defendant constitute willful and deliberate trademark infringement and unfair competition under the common law and have damaged and impaired the Plaintiff's goodwill symbolized by the trademark and tradename **PRIMEPAY** to Plaintiff's irreparable damage.

55. Defendant's unfair and deceptive business practices have caused Plaintiff irreparable injury, loss of reputation and pecuniary damages. Unless enjoined by this Court, Defendant will continue its acts of infringement and unfair competition and cause Plaintiff immediate and irreparable damage.

56. Defendant's use of the trademark **PRIMEPAY** or variations thereof is being done with the intent to palm off products or services as originating from or having the sponsorship,

affiliation or approval of Plaintiff in order to trade on the goodwill created by Plaintiff in its trademark and tradename **PRIMEPAY**.

57. Defendant's unauthorized use constitutes the common law tort of unfair competition.

58. Unless restrained by this Court, Defendant's actions will cause irreparable injury to Plaintiff.

59. Plaintiff has no adequate remedy at law.

## DEMAND FOR JURY TRIAL

Plaintiff request trial by jury for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. That Defendant, its respective directors, officers, agents and employees, successors and assigns and all others in knowing concern with them, be preliminarily and then permanently restrained and enjoined from:

   a. market, advertising, displaying, selling or distributing products using the accused trademark **PRIMEPAY** or any variations thereof, alone or in combination with any other words, designs or names, or any other marks which incorporate this mark or a confusingly similar version thereof, or which incorporate the word "PRIME" as a trademark or tradename, or as a portion of a trademark, tradename or term or designation;

   b. otherwise infringing Plaintiff's trademark and tradename **PRIMEPAY** or Plaintiff's related marks which incorporate the mark **PRIMEPAY** or the word "Prime" as a portion of a mark;

    c. engaging in any other or further acts of unfair competition against Plaintiff;

    d. engaging in any deceptive trade practices in the offering of goods or services under the trademark **PRIMEPAY** or any other variations or simulations of Plaintiff's trademark **PRIMEPAY**;

    e. engaging in any deceptive business practice in the offering of goods or services under the trademark **PRIMEPAY** or any other variations or simulations of Plaintiff's trademark and tradename **PRIMEPAY**; and

    f. be ordered to abandon any trademark applications filed that show the trademark **PRIMEPAY** or include the designations, names or marks where PRIME is a component or portion of a mark, term or designation and to abandon any confusingly similar variations thereof, with the requirement that Defendant not file further trademark applications for such marks and assign to Plaintiff any domain names which include such designation.

  2. That Defendant be directed to deliver up for destruction all labels, signs, prints, packages, wrappers, receptacles, advertisements or other material in its possession or custody and control which are within the United States of America, its territories and possessions, which display the trademark **PRIMEPAY** or which show or include the designation, name or mark PRIME as a mark or as a portion of a mark, term or designation, and all means of making or affixing the same pursuant to Section 36 of the Lanham Act, 15 U.S.C. § 1118.

  3. That Plaintiff be awarded the profits secured by Defendant as a result of its unlawful activities and that said award be trebled as provided by law or in the alternative that Plaintiff be award statutory damages and prejudgment interest under 15 U.S.C. § 1117(b)(2) in an amount determined by the Court for willful use of an infringing or counterfeit mark.

4. That Plaintiff be awarded punitive damages in such amount as the Court and jury shall find sufficient to deter Defendant's willful unlawful conduct.

5. That Plaintiff be awarded its costs incurred in this action, including its reasonable attorneys' fees.

6. That Defendant be required to file with this Court and serve upon Plaintiff within thirty (3) days after entry of the order of judgment a report, in writing and under oath, setting forth the manner and form of Defendant's compliance with the Court's order.

7. That Plaintiff have such other and further relief as is warranted by the facts established at trial or which this Court may deem as just and equitable.

**FRIEDMAN SCHUMAN, P.C.**

Date: 06/22/2020

By: _____
Robert H. Nemeroff (Atty. # 34681)
101 Greenwood Avenue, 5th Floor
Jenkintown, PA 19046
P: 215-690-3827
E: rnemeroff@fsalaw.com
*Attorney for Plaintiff*

**LADAS & PARRY, LLP**

Date: 6/22/2020

By: _____
Burton S. Ehrlich (Atty. #0721018)
Boris Umansky (Atty. #6279470)
224 S. Michigan Avenue
Suite 1600
Chicago, IL 60604
P: 312-427-1300
E: burtone@ladas.net
borisu@ladas.net

{Client Files/002000/00000/01378124.DOCX;1}