IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PRIMEPAY, LLC** <br><br> **Plaintiff,** <br><br> v. <br><br> **PRIME TRUST, LLC** <br><br> **Defendant.** | **CIVIL ACTION NO. 20-3104** |

## MEMORANDUM OPINION

**Rufe, J.**                                                                                                          **September 8, 2021**

Plaintiff PrimePay, LLC filed suit against Defendant Prime Trust LLC, alleging trademark infringement. The Complaint alleges that Plaintiff uses the PRIMEPAY trademark and tradename for business and financial management services, and that Defendant violated that trademark by offering similar or competing services under the same mark. Defendant has moved to dismiss under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3) for lack of jurisdiction and improper venue.

### I. LEGAL STANDARDS

#### A. Federal Rule of Civil Procedure 12(b)(2)

Under Federal Rule of Civil Procedure 12(b)(2), a court must grant a defendant's motion to dismiss if the court lacks personal jurisdiction over the defendant. The plaintiff bears the burden of establishing that personal jurisdiction exists.[1] The plaintiff's allegations must be "viewed as true" and disputed facts must be construed in the plaintiff's favor, and the plaintiff must make a "threshold showing in support of jurisdiction."[2] If the plaintiff meets this burden,

---

[1] *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007) (citing *Gen. Elec. Co. v. Deutz AG*, 270 F.3d 144, 150 (3d Cir. 2001)).

[2] *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009) ([quoting *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 457 (3d. Cir. 2003) and citing *O'Connor*, 496 F.3d at 316] *or* [citations omitted]).

the defendant must then establish the presence of other considerations that would render jurisdiction unreasonable.[3]

### B. Federal Rule of Civil Procedure 12(b)(3)

A complaint may be dismissed under Rule 12(b)(3) if venue is improper. In deciding a motion to dismiss under Rule 12(b)(3), the Court must "accept as true all of the allegations in the complaint, unless those allegations are contradicted by the defendants' affidavits."[4] If facts beyond the pleadings are considered, all reasonable inferences must be drawn, and all factual disputes resolved, in the plaintiff's favor.[5] The defendant bears the burden of showing that venue is improper.[6]

## II. DISCUSSION

### Personal Jurisdiction

A district court typically exercises personal jurisdiction according to the law of the state where it sits.[7] Under Pennsylvania's long arm statute, jurisdiction "may be based on the most minimum contact with th[e] Commonwealth allowed under the Constitution of the United States."[8] Therefore, "a court may exercise personal jurisdiction over a nonresident defendant if the defendant has 'certain minimum contacts with [Pennsylvania] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'"[9] "Minimum

---

[3] *De Lage Landen Fin. Servs.*, 2008 WL 4822033, at *3 (citing *Carteret Sav. Bank v. Shushan*, 954 F.2d 141, 150 (3d Cir. 1992)).

[4] *Bockman v. First Am. Mktg. Corp.*, 459 F. App'x 157, 158 n.1 (3d Cir. 2012) (citations omitted).

[5] *N. Am. Commc'ns, Inc. v. Herman*, No. 17-157, 2018 WL 581069, at *3 (W.D. Pa. Jan. 25, 2018)

[6] *Bockman*, 459 F. App'x at 160.

[7] *O'Connor*, 496 F.3d at 316 (citing Fed. R. Civ. P. 4(k)(1)(A)).

[8] *Id*. (alteration in original) (citing 42 Pa. Cons. Stat. § 5322(b)).

[9] *AAMCO Transmissions, Inc. v. Romano*, 42 F. Supp. 3d 700, 706 (E.D. Pa. 2014) (alteration in original) (quoting *O'Connor*, 496 F.3d at 316).

contacts must have a basis in 'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'"[10]

Personal jurisdiction may be general or specific in nature.[11] General jurisdiction over an individual or corporation requires that affiliations with the forum state be "so 'continuous and systematic' as to render [them] essentially at home in the forum State."[12] For specific jurisdiction, due process requires that the plaintiff show: (1) that the defendant "purposefully directed its activities at the forum," (2) that the litigation arises out of or relates to at least one of those activities, and (3) that the exercise of jurisdiction "otherwise comports with fair play and substantial justice."[13]

Defendant, a Nevada limited liability company with its principal place of business in Summerlin, Nevada, provides business-to-business financial technology infrastructure, such as trust, escrow, and settlement services. It also allows its customers to manage assets under Nevada's trust and tax laws. Defendant maintains a website where potential customers may complete a contact form to have Defendant's employees provide them with information regarding Defendant's services. The allegedly infringing mark appeared for some time on this website.[14] Once a client relationship is established with Defendant, the client uses a web portal to access its accounts.

---

[10] *Remick v. Manfredy*, 238 F.3d 248, 255 (3d Cir. 2001) (quoting *Asahi Metal Indus. Co., Ltd. v. Superior Court of California*, 480 U.S. 102, 109 (1987)).

[11] *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).

[12] *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (quoting *Goodyear*, 564 U.S. 915 at 919).

[13] *O'Connor*, 496 F. 3d 312, 317 (3d Cir. 2007) (alterations, internal quotation marks, and citations omitted).

[14] Purcell Decl. [Doc. No. 12-1] at ¶¶ 8,11.

Defendant argues that it is not subject to general jurisdiction in Pennsylvania because it is "at home" only in Nevada.[15] Defendant also argues that it is not subject to specific jurisdiction because it never launched the service central to Plaintiff's Complaint and that the website that featured the mark at issue was a passive one that did not direct activities at Pennsylvania residents.[16] Plaintiff argues that Defendant has "continuous and systematic general business contacts" with Pennsylvania,[17] that it purposefully directed its activities at the forum, and that the litigation arises out of or relates to Defendant's alleged infringement by using the marks on Defendant's website offering services to Pennsylvania customers.[18]

### A.    General Jurisdiction

The Supreme Court recently reiterated the standard for general jurisdiction:

> A state court may exercise general jurisdiction only when a defendant is essentially at home in the State. General jurisdiction, as its name implies, extends to any and all claims against a defendant. Those claims need not relate to the forum State or the defendant's activity there; they may concern events and conduct anywhere in the world. But that breadth imposes a correlative limit: Only a select set of affiliations with a forum will expose a defendant to such sweeping jurisdiction. In what we have called the paradigm case, an individual is subject to general jurisdiction in her place of domicile. And the equivalent forums for a corporation are its place of incorporation and principal place of business.[19]

Although the Supreme Court has left open the possibility that in an exceptional case a corporation might also be "at home" in states other than the place of incorporation and principal place of business,[20] the general breadth of a corporation's activities do not constitute exceptional

---

[15] *See Daimler*, 571 U.S. at 118-19.

[16] Mot. Dismiss at 9.

[17] *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984).

[18] *Id.*

[19] *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024, 209 L. Ed. 2d 225 (2021) (internal quotation marks and citations omitted).

[20] *Daimler*, 571 U.S. at 139.

circumstances.[21] There is nothing in this case to show that it should be treated as an exception from the general rule; Defendant is only "at home" in Nevada.[22]

### B. Specific Jurisdiction

Specific jurisdiction exists when the defendant can be said to have sufficient "minimum contacts" with the forum state, so long as the exercise of jurisdiction would "comport with 'fair play and substantial justice.'"[23] The minimum contacts requirement is satisfied where: (1) the plaintiff's claims arise out of or relate to defendant's contacts with the forum state; (2) the nonresident defendant purposefully availed itself of the privilege of conducting activities within the forum state; and (3) the defendant's contacts within the forum state are "such that [it] should reasonably anticipate being haled into court there."[24]

For a suit to "aris[e] out of or relat[e] to the defendant's contacts with the forum . . . there must be 'an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State . . .'"[25] "The primary focus of [the] personal jurisdiction inquiry is the defendant's relationship to the forum State."[26] Here, the contacts and activities center on Defendant's website, which featured the allegedly infringing mark. When considering a defendant's internet presence,

---

[21] *Ford*, 141 S. Ct. at 1024 (holding that general jurisdiction of Ford Motor Company attaches only in Delaware, its place of incorporation, and in Michigan, its principal place of business.

[22] Compare *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017) (quoting *Daimler*, 134 S. Ct. at 760) (noting that such an exception was exemplified by the extreme case in *Perkins v. Benguet Consol. Mining Co.,* 342 U.S. 437, 72 S. Ct. 413 (1952) in which war forced a defendant corporation to temporarily relocate its operations to Ohio from the Philippines, exposing it to general jurisdiction in that State).

[23] *O'Connor*, 496 F.3d at 317.

[24] *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 631 (11th Cir. 1996) (applying Florida law); see also *Venetian Salami Co.*, 554 So. 2d at 500 (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980)).

[25] *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County* ,137 S. Ct. 1773, 1780 (2017) (citing *Walden v. Fiore*, 571 U.S. 277, 284 (2014)).

[26] *Id.* at 1779.

the mere operation of a commercially interactive web site should not subject the operator to jurisdiction anywhere in the world. Rather, there must be evidence that the defendant "purposefully availed" itself of conducting activity in the forum state, by directly targeting its web site to the state, knowingly interacting with residents of the forum state via its web site, or through sufficient other related contacts.[27]

Plaintiff argues that Defendant's website, which allegedly used the infringing mark, offers services to Pennsylvania customers, and its existing customer base that includes residents of Pennsylvania.[28] Defendant argues that all of the services offered are regulated under Nevada law, and the website does not directly target Pennsylvania. In addition, the website only serves as a source of information for its services because transactions do not occur until a potential customer opts to fill out a contact form on the website, giving permission for one of Defendant's employees to contact them with more information.[29]

"For the Court to exercise personal jurisdiction over [Defendant] for its Internet-based activities, there must be evidence of some contacts in addition to the fact that [Defendant's] website is accessible in the forum state."[30] Defendant's website is a passive one for jurisdictional purposes.[31] Moreover, the litigation must arise from or relate to interactions with Pennsylvania

---

[27] *Toys "R" Us,* 318 F.3d at 454.

[28] Resp. at 2, 9.

[29] Mot. Dismiss at 11-12.

[30] *Endless Pools, Inc. v. Wave Tec Pools, Inc*., 362 F. Supp. 2d 578, 584 (E.D. Pa. 2005).

[31] To determine "whether a defendant established minimum contacts through cyberspace," *Ackourey v. Sonellas Custom Tailors*, 573 F. App'x 208, 211-12 (3d Cir. 2014), courts consider the sliding scale approach set forth in *Zippo Manufacturing Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1123-24 (W.D. Pa. 1997). *See Toys "R" Us*, 318 F.3d at 452 (referring to Zippo as "a seminal authority regarding personal jurisdiction based upon the operation of an Internet web site"). Under this approach, the likelihood of establishing personal jurisdiction is "directly proportionate to the nature and quality of commercial activity that an entity conducts over the Internet." *Zippo*, 952 F. Supp. at 1124. At one end of the scale, personal jurisdiction may be established in "situations where a defendant uses an interactive commercial website to actively transact business with residents of the forum state." *Ackourey*, 573 F. App'x at 211. At the other end of the scale are "situations where a passive website merely provides information that is accessible to users in the forum state," which does not confer jurisdiction. *Id.* Defendant's website is at the passive end of the scale.

residents for there to be jurisdiction here.[32] The allegedly infringing PRIMEPAY mark appeared only passively on Defendant's website and Plaintiff has not linked the use of the mark to any of Defendant's contacts with Pennsylvania.[33]

Plaintiff also argues that specific jurisdiction can be established through the "*Calder* effects test." In *Calder*, the Supreme Court held that a court may exercise personal jurisdiction over a non-resident defendant when intentionally tortious conduct (which has been held to include trademark infringement), is aimed at the forum and has sufficient impact in the forum to satisfy due process requirements.[34] Under the effects test, the plaintiff must show that "(1) [t]he defendant committed an intentional tort; (2) [t]he forum state is the focal point of the harm suffered by plaintiff;" [and] (3) the forum state is "the focal point of the defendant's tortious activity", because "the defendant expressly aimed [its] tortious conduct there".[35] The Third Circuit has held that "[o]nly if the 'expressly aimed' element of the effects test is met need [a court] consider the other two elements."[36]

To satisfy the "expressly aimed" element of the effects test, "the plaintiff must show that the defendant knew that the plaintiff would suffer the brunt of the harm caused by the tortious conduct in the forum, and point to specific activity indicating that the defendant expressly aimed

---

[32] *Ackourey*, 573 F. App'x. at 212.

[33] Def.'s Reply Mem. Supp. Mot. Dismiss 8. Plaintiff alleges that it also uses the trademarks PRIMETAX, PRIMEXPRESS, PRIMELINK+, and PRIMEXPORTS, thus increasing the possibility of confusion that Defendant, with its use of the PRIMEPAY mark is part of Plaintiff's "family of marks." Compl. ¶ 29 [Doc. No. 1]. However, this suit concerns only the PRIMEPAY mark, and in an earlier case in the District of New Jersey, the court determined that Plaintiff had not established the existence of a family of marks. *Primepoint, L.L.C. v. PrimePay, Inc.*, 545 F. Supp. 2d 426, 433–34 (D.N.J. 2008).

[34] *Calder v. Jones*, 465 U.S. 783 at 789-90; *see also Theorem, Inc. v. Citrusbyte, LLC*, No. 19-13423, 2019 WL 3812474, at *3 (D.N.J. Aug. 14, 2019) (trademark infringement constitutes an intentional tort).

[35] *Marten v. Godwin*, 499 F.3d 290, 297 (3d Cir. 2007).

[36] *Id*. (citing *IMO Indus. v. Kiekert AG*, 155 F.3d 254, 266 (3d Cir. 1998))

its tortious conduct at the forum."[37] Plaintiff's argument that the harm was directed in this forum because Plaintiff as the trademark owner was injured here is not enough; "*Calder* made clear that mere injury to a forum resident is not a sufficient connection to the forum. . . . The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way."[38] Plaintiff has not shown that Defendant specifically directed its activities to Pennsylvania, and has not satisfied the requirement that the alleged tortious conduct be expressly aimed at Pennsylvania.[39]

### C. Jurisdictional Discovery

Plaintiff requests limited discovery on the issue of jurisdiction or leave to amend the Complaint. For jurisdictional discovery to be warranted, "the plaintiff must present "factual allegations that suggest 'with reasonable particularity' the possible existence of the requisite contacts between [the party] and the forum state."[40] Here, Plaintiff's factual allegations are sparse and Plaintiff has not suggested what discovery would show or how amendment would establish jurisdiction. Therefore, jurisdictional discovery is not warranted here, and the case will be dismissed for lack of personal jurisdiction.[41]

---

[37] *Marten*, 499 F.3d at 297 (quoting *IMO Indus.*, 155 F.3d at 266)).

[38] *Walden*, 571 U.S. at 290.

[39] Because Plaintiff has not established the requisite minimum contacts, the Court does not address whether the jurisdiction would comport with fair play and substantial justice.

[40] *Eurofins Pharma US Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 157 (3d Cir. 2010) (quoting *Toys "R" Us*, 318 F.3d at 455) (alteration in original).

[41] As the Court cannot assert personal jurisdiction over Defendant, it is not necessary to reach the venue question.

**III.     CONCLUSION**

Because Plaintiff has not shown that this Court can exercise personal jurisdiction over Defendant, the case will be dismissed without prejudice to Plaintiff's right to institute an action in the appropriate forum.  An order will be entered.